## WOOD v. O'BRIEN et al.

*(Supreme Court, General Term, Second Department.　February 8, 1892.)*

MORTGAGES—VALIDITY—CONSIDERATION—EVIDENCE.

C., engaged in stock speculating, applied to W. for a loan. W. was an attorney at law, legal adviser of the firm of W., O'K. & Co., stock-brokers, and brother of one of the partners. W. gave C. an order on W., O'K. & Co. for $7,000, and the trustee of C.'s wife executed a bond and mortgage to secure the loan. C. presented the order to W., O'K. & Co., who were not bankers, and received no money or other thing therefor, but merely an entry of credit to that amount. W. had no bank-account with W., O'K. & Co., and no credit which authorized him to draw on them. *Held*, in an action to foreclose the mortgage, that the bond was without consideration.

Appeal from special term, Kings county.

Action by Frank F. Wood against Michael O'Brien, trustee, and William F. Croft, executor of Frances A. Croft, deceased, to foreclose a mortgage. The defense was that the bond to secure which the mortgage was given was without consideration, having been executed by a trustee at the procurement of the husband of the *cestui que trust* to enable the husband, who was engaged in stock speculations, to obtain credit with a firm of stock-brokers. The husband received from the lender (secured by the mortgage) an order on the firm of stock-brokers, who were not also bankers, for $7,000. No money was ever received by the husband on this order, and nothing else, except a bare entry of credit to that amount on the books of the firm of stock-brokers, which afterwards became insolvent. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Johnston & Johnston,* (*Edward W. S. Johnston,* of counsel,) for appellants. *Noah Davis* and *J. Henry Work,* (*A. L. Pincoffs,* of counsel,) for respondent.

BARNARD, P. J. On the 15th of January, 1889, one Schneider conveyed certain lands to Michael O'Brien, one of the defendants. The deed was put upon record the same day it was delivered. Simultaneously with the delivery of the deed to O'Brien he executed a paper evidencing the fact that the title was held for Mrs. Frances Croft. This declaration of trust was not recorded. On the 23d of March, 1889, O'Brien gave the bond and mortgage described in the complaint to the plaintiff for an expressed consideration of $7,000. The history of the alleged consideration is as follows: William F. Croft was the husband of Frances A. Croft. He was buying and selling stocks in her name, through Work, O'Keefe & Co., brokers. James H. Work was an attorney at law, and the brother of Work, one of the partners, a legal adviser of the firm itself. William F. Croft applied to James H. Work for the loan. He was accompanied by O'Keefe. Croft stated that the title was in the name of O'Brien. James H. Work gave Croft an order on the firm of brokers for $7,000, and took the mortgage in the name of the plaintiff, who was his stenographer. Neither the plaintiff nor the attorney, his employe, had any bank-account with the firm; nor does it appear that the attorney had any credit which authorized him to draw upon the firm. The evidence does not show any payment of the $7,000. The testimony of the attorney from the books that $7,000 was credited to Croft's account, was improperly received, and, without further proof, was inconclusive and unsatisfactory. It established at best but an imaginary consideration, having no basis but a formal entry resting on no debt, and never having been made good by an actual payment. There is no proof that William F. Croft ever received anything from the firm on the order. He testifies that he did not. The judgment should therefore be reversed, and a new trial granted, upon the facts as well as the exceptions. The appeal from the order denying motion to

vacate judgment becomes unimportant, but to finally make the record right it should be reversed, without costs. The order making Mrs. Croft's executor a party should stand. She owns the land, and the mortgage is an apparent lien on her land. Her declaration of trust is not on record, but the plaintiff has no right to prevent her from making such defense as she has now,—that her trust title is known. The judgment should be reversed, and a new trial granted, costs to abide event; and the order making Croft's executor a party should be affirmed, with costs and disbursements. All concur.